# SUKENIK, SEGAL & GRAFF, P.C.

ATTORNEYS AND COUNSELORS AT LAW             450 SEVENTH AVENUE, 42ND FLOOR
                                                    NEW YORK, N.Y. 10123
                                                       212-725-9300 PHONE
                                                         212-481-5520 FAX

December 9, 2024

Via ECF and Via Facsimile

Honorable Alvin K. Hellerstein
United States District Court for the
Southern District of New York
500 Pearl Street
New York, N.Y. 10007-1312

   Re: In re Wythe Berry Fee Owner LLC (No.: 22-B-11340 (MG))
   <u>Yoel Goldman, Appellant, v. Meyer Chetrit, Appellee (Case No. 24-CV-06499 (AKH))</u>

Dear Judge Hellerstein:

   We represent appellee Meyer Chetrit ("Appellee") in connection with the above-referenced matters. Appellee submits this letter to address certain incorrect statements contained in the reply brief which appellant Yoel Goldman ("Appellant") filed with the Court (Dkt. No. 9) in further support of his appeal of the Memorandum Opinion and Order Authorizing Debtor to Comply with Restraining Notice (the "Order") (Dkt. No. 1) which was issued by the United States Bankruptcy Court for the Southern District of New York (Glenn, C.J.) (the "Bankruptcy Court").

   Appellant asserts (page 3 of Appellant's reply brief) that, "[i]n two rounds of letter briefing, a status conference, and a hearing before the Bankruptcy Court, Appellee never argued that Appellant lacks standing to assert an automatic stay violation." This is incorrect. In fact, Appellee specifically raised Appellant's lack of standing in its July 8, 2024, letter to the Bankruptcy Court (*see* the first paragraph on the top of page 4 of the letter which was filed as Dkt. No. 407 in the underlying proceeding).

   Appellant further asserts (page 3 of Appellant's reply brief) that "[n]or did the Bankruptcy Court address Appellant's standing. … In fact, the point is not addressed anywhere in the record." This is also incorrect. The Order both acknowledged Appellee's standing argument (page 10 of the Order, second paragraph) and addressed the substance of such argument (pages 14-15 of the Order).[1]

---

[1] Though the Order does not use the word "standing" when addressing the substance of such argument, it is clear that it is addressing standing, both because it addresses who has a right to assert that a violation of a stay occurred, which is clearly a "standing" concept, and because the cases cited by the Order expressly address the issue of standing. *See, for example,* <u>In re Ampal-Am. Israel Corp.</u>, 502 B.R. 361, 371 (Bankr. S.D.N.Y. 2013) *and* <u>Siskin v. Complete Aircraft Services, Inc. (In re Siskin)</u>, 231 B.R. 514, 518 (Bankr. E.D.N.Y. 1999).

Thus, Appellant's assertion that Appellee "waived the argument" as to Appellant's lack of standing is incorrect as a matter of fact and of law.

Appellee remains ready to address any and all of Appellant's remaining arguments at a time convenient for the Court.

> Respectfully yours,
>
> SUKENIK, SEGAL & GRAFF, P.C.
>
> /s/ *Douglas Segal*
>
> Douglas Segal

cc: Elliot Moskowitz, Esq. (via ECF)

N:\WP\PAMELA\CHETRIT\GOLDMAN\25 STEWART\CONFESSION OF JUDGMENT\LETTER'HELLERSTEIN'12'9'24.DOC