UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
:
IN RE WYTHE BERRY FEE OWNER LLC    :   **ORDER AFFIRMING**
:   **BANKRUPTCY COURT'S**
:   **ORDER**
:
:   24 Civ. 6499 (AKH)
:
-------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

   Appellant Yoel Goldman appeals from an August 1, 2024 Order of the United States Bankruptcy Court for the Southern District of New York, seeking reversal of that Order. The bankruptcy court authorized the Debtor, Wythe Berry Fee Owner LLC ("Wythe Berry"), to comply with a Restraining Notice issued by Appellee Meyer Chetrit. For the reasons below, the bankruptcy court's decision is affirmed.

   Goldman, together with a business partner, formed Wythe Berry to finance the construction of a luxury hotel. On October 6, 2022, an involuntary Chapter 11 petition was filed against Wythe Berry and bankruptcy proceedings ensued. As part of the Fourth Amended Plan of Reorganization and the Amended and Restated Settlement Agreement, approved by the Bankruptcy Court on May 29, 2024, Debtor Wythe Berry was required to distribute $650,000 each to Goldman and to his business partner. On June 4, 2024, Chetrit served Wythe Berry with a Restraining Notice seeking to prevent it from paying money to Goldman because Chetrit holds an unsatisfied judgment against Goldman, entered January 29, 2021 in the amount of $8,500,950.

   After a hearing and briefing by the parties, the bankruptcy court issued an Order finding that the Restraining Notice did not violate the automatic stay that was in place during the bankruptcy proceedings pursuant to 11 U.S.C. § 362. This appeal followed. The bankruptcy court's conclusions of law are subject to *de novo* review. *See Asbestosis Claimants v. U.S. Lines*

1

*Reorganization Trust (In re U.S. Lines, Inc.)*, 318 F.3d 432, 435 (2d Cir. 2003). There are no issues of fact.

Under 28 U.S.C. § 959(b), a debtor is required to operate according to valid state laws. N.Y. C.P.L.R. § 5222 authorizes a judgment creditor to issue a restraining notice prohibiting a third-party from satisfying a debt owed to a judgment debtor. The underlying state court judgment held by Chetrit against Goldman was final and was entered before bankruptcy proceedings commenced. Wythe Berry does not object to the Restraining Notice, and effectuating the Notice would not interfere with its reorganization efforts or with the fairness and efficiency of distribution. *See In re Brickell*, 292 B.R. 705, 708-10 (Bankr. S.D. Fla. 2003), *aff'd*, 142 F. App'x 385 (11th Cir. 2005). For these reasons, the bankruptcy court's decision authorizing Wythe Berry to comply with the Restraining Notice is affirmed.

The Clerk is directly to close the case.

SO ORDERED.

Dated:  June 12, 2025
        New York, New York

ALVIN K. HELLERSTEIN
United States District Judge